IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>Defendant. | Case No. 20-cv-00059-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITHOUT LEAVE TO AMEND.**[1] |

Plaintiff Ronald Satish Emrit is a serial *pro se* litigant.   A search of the federal dockets reveals that he has filed at least 267 lawsuits in federal courts across the country since January 2000.[2]   This action is Emrit's latest installment, which he filed on February 6, 2020, naming the Federal Bureau of Investigation (FBI) as the sole defendant and alleging that the FBI violated his rights under the U.S. Constitution, various federal statutes, and state common law.   Dkt. No. 1.[3]   Rather

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] A sampling of these cases suggests that most, if not all, of Emrit's cases were commenced pursuant to 28 U.S.C. Section 1915(a) and were dismissed as frivolous, for failure to state a claim, or for improper venue under 28 U.S.C. § 1915(e)(2).   *See, e.g.*, *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019) (observing that "Plaintiff has a history of abusing the IFP privilege and Plaintiff has been acknowledged as a vexatious litigator in at least six district courts."), *report and recommendation adopted*, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019).

[3] Within approximately a week, Emrit filed a similar lawsuit against the FBI in at least eight other

than pay the filing fee, Emrit also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3. Because the IFP Application reflects that Emrit does not have the ability to pay the filing fee in this case, the Court GRANTS the IFP Application. However, because the FBI is immune from suit, this action is frivolous, and therefore, DISMISSED without leave to amend.[4]

## I.   <u>The IFP Application</u>

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

---

federal district courts. *See Emrit v. Federal Bureau of Investigation*, No. 20-cv-265-CAB-KSC, 2020 WL 731171, at *2 n.2 (S.D. Cal. Feb. 13, 2020) (citing cases and dismissing the action without leave to amend). Indeed, Emrit candidly admits that he "is filing this cause of action in the U.S. District Courts of Southern Florida, Middle Florida, and Northern Florida . . ." Dkt. No. 1, ¶ 6.

[4]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to screening and can order the dismissal of any claims it finds "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Franklin v. Murphy*, 745 F.2d 1221, 1226–27 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Here, Emrit has made the required showing under Section 1915(a).   In the IFP Application, Dkt. No. 3, Emrit states that he is unemployed, disabled, and receives about $871 per month in disability payments and public assistance. Further, Emrit avers that there is a deficit in his checking or savings accounts.   In light of these facts, Emrit's income falls below the poverty threshold identified by the U.S. Department of Health & Human Services' ("HHS") 2020 Poverty Guidelines.[5]   In addition, Emrit has insufficient assets to provide security.   As a result, the Court GRANTS the IFP Application, Dkt. No. 3.

## II.   Screening

The Court liberally construes a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but cannot act as counsel for a *pro se* litigant, such as by supplying the essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The standard for dismissal of a complaint that fails to state a claim is the same under 28 U.S.C. Section 1915(e)(2)(B)(ii) and Fed.R.Civ.P. 12(b)(6).   *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Jones v. Schwarzenegger*, 723 F. App'x 523, 524 (9th Cir. 2018); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (same standard under Section 1915A).   That is, the Court must

---

[5]*See* HHS Poverty Guidelines for 2020, *available at* https://aspe.hhs.gov/poverty-guidelines.

dismiss the complaint if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must also dismiss a complaint if it is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A claim falls in the former class when the claimant (i) seeks relief against defendants who are "immune from suit," or (ii) asserts an "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. Claims are factually frivolous when they describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327–328; *accord Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]")).

### A.    Relevant Factual Background

In the Complaint, Dkt. No. 1, Emrit provides a rather detailed (and unnecessary) account of his life since 1999, including, *inter alia*, his travels, activities, education, employment history, business ventures, disabilities, family

heritage, and presidential candidacy.  *Id.* at ¶¶ 15–49, 56–69.   As for the substance of Emrit's lawsuit, Emrit "believes that he was placed on an 'FBI watch list' on or around late 2001 because his phenotype looks like a Middle Easterner or Arab and also because his law school may have reported to the police or FBI that [Emrit] had erratic behavior while questioning his Professional Responsibility professor [in law school] and emailing a misunderstood marriage proposal to his ex-girlfriend Erika Viltz while she was supposedly in New York."  *Id.* at ¶ 50.  Emrit also "believes that he was profiled as a 'person of interest'" because "he had previously worked with DNA as a laboratory technician at NIH/NHLBI/Division of Hematology."  *Id.* at ¶ 51.  Emrit further maintains that "the FBI may have been conducting surveillance on [him] . . . because he was mailing a lot of letters to his fiancé Rachel Garcia from Las Tunas, Cuba, and the U.S. Postal Inspector and FBI may have thought that they had reasonable suspicion or probable cause to launch a counterintelligence . . . investigation or perhaps obtain a FISA warrant for anybody who had sent letters to Cuba given that Cuba has been considered a Communist enemy of the United States since . . . the Cuban Missile Crisis at the height of the Cold War."  *Id.*

Based on these allegations, Emrit brought this "harassment lawsuit against the FBI," asserting nine counts: (1) violation of the Equal Protection Clause; (2)

5

deprivation of substantive and procedural due process under the Due Process Clause; (3) violation of the Privileges or Immunities Clause; (4) violation of 42 U.S.C. Section 1983; (5) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; (6) Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12131–12165; (7) negligence; (8) intentional infliction of emotional distress; and (9) tortious invasion of privacy and "false light."   Dkt. No. 1, ¶¶ 54, 74, 78, 82, 84, 86, 91, 93, 97, 101.   Emrit's claims are, as a matter of law, patently frivolous for the following reasons.

### B.    The Complaint is Frivolous

First, as to Emrit's constitutional claims, Emrit has no cause of action against the FBI (or its agents) under Section 1983 because federal agencies and their officials do not act "under color of" state law.   *See, e.g.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017); *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995); *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981).

Second, Emrit also has no cause of action against the FBI under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 396–97 (1971), because the Supreme Court has declined to extend *Bivens* to claims "against federal agencies." *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *see also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

Third, Emrit has no cause of action under Title II of the ADA. The enactment, 42 U.S.C. §§ 12131 *et seq*., is simply not applicable to the federal government and its agencies because they are not "public entities" within the meaning of Section 12131. *See, e.g.*, 42 U.S.C. § 12131(1) (defining public entity, in relevant part, as "any State or local government"; and "any department, agency, . . . or other instrumentality of a State"); *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000), *cert. denied*, 531 U.S. 1070 (2001); *see also Petramala v. U.S. Dep't of Justice*, 481 F. App'x 395, 396 (9th Cir. 2012) (holding that the "district court properly dismissed [plaintiff]'s claim under the Americans with Disabilities Act because the federal government, its agencies, and its officials are either expressly excluded or otherwise exempt from the definitions of entities subject to suit under the statute.").

Fourth, Emrit's Title VII claim fails because the FBI enjoys sovereign immunity. Federal agencies are presumed to be immune from suit. *E.g.*, *Meyer*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Title VII waives sovereign immunity for the federal government. 42 U.S.C. § 2000e-16(d); *Library of Congress v. Shaw*, 478 U.S. 310, 319 (1986), *superseded by statute*, 42 U.S.C. 2000e-5(k), *as stated in Landgraf v. Usi Film Prods.*, 511 U.S. 244, 251 (1994) (noting that Congress

expanded the immunity waiver).   But "strict compliance" with the time limits in Section 2000e-16(c) "is a condition to the waiver of sovereign immunity and thus must be strictly construed."   *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990).[6]   Here, Emrit alleges that the last time he even applied for employment with the FBI was in 2009.   *See* Dkt. No. 1, ¶¶ 64–70.[7]   Therefore, "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, dictate that Emrit's belated lawsuit does not satisfy the predicate conditions necessary to pierce the federal government's sovereign immunity.[8]

---

[6]42 U.S.C. Section 2000e-16(c) provides in relevant part:

> Within 90 days of receipt of notice of final action taken by . . . [the] agency . . . or by the Civil Service Commission upon appeal . . . or after one hundred and eighty days from the filing of the initial charge . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in [42 U.S.C. Section 2000e-5] . . . .

42 U.S.C. Section 2000e-5(e)(1) states in pertinent part:

> A charge . . . shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter . . .

[7]Moreover, Emrit does not allege that he was denied a position with the FBI because he belongs to a class protected by Title VII.   Instead, as with all of his claims, Emrit asserts the FBI violated Title VII by "racially profiling" Emrit, subjecting him to "counterintelligence," and considering him a "person of interest."   Dkt. No. 1, at ¶ 86.   Indeed, Emrit admits that he was "never officially offered any position of employment with the FBI due to the fact that these employment positions are considered to be very competitive."   Dkt. No. 1, ¶ 65.
[8]Nothing in the complaint warrants equitable tolling, *Irwin*, 498 U.S. at 96, and no stretch of the imagination could change that fact, especially given that over a decade has passed since Emrit

Fifth, to the extent Emrit asserts any of his claims under the Federal Tort Claims Act (FTCA), *see* 28 U.S.C. §§ 1346(b), 2671–80; (Dkt. No. 1, ¶ 3), which waives the federal government's sovereign immunity in limited circumstances, *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484–85 (2006) (citing 28 U.S.C. Sections 1346(b)(1) and 2674), Emrit cannot assert his constitutional claims under the FTCA. *See, e.g.*, *Ziglar*, 137 S. Ct. at 1856 ("Congress . . . decid[ed] not to substitute the Government as defendant in suits seeking damages for constitutional violations"); 28 U.S.C. § 2679(b)(2)(A) (providing that certain provisions of the Federal Tort Claims Act do not apply to any claim against a federal employee 'which is brought for a violation of the Constitution'")); *Meyer*, 510 U.S. at 483–86; *Roundtree v. United States*, 40 F.3d 1036, 1038 (9th Cir. 1994) ("[T]he United States cannot be sued on the theory that there has been a violation of [plaintiff]'s constitutional rights.").   And as for Emrit's other state law claims sounding in tort, a federal "agency itself cannot be sued under the FTCA."   *See, e.g.*, *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 761 (9th Cir. 2013) (quoting *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998)); 28 U.S.C. § 2679(a) (establishing that the FTCA does not "authorize suits against [a] federal agency").

---

even applied to the FBI.   Emrit has also named the wrong defendant.   A federal agency, such as the FBI, is not a proper defendant under Title VII.   *See* 42 U.S.C. § 2000e-16(c); *Miles v. Dep't of Army*, 881 F.2d 777, 780 (9th Cir. 1989).

9

Having concluded that Emrit's claims lack any "arguable basis either in law or in fact," *Denton*, 504 U.S. at 31, and that Emrit seeks relief from a defendant who is "immune from suit," this action is DISMISSED as frivolous. *Neitzke*, 490 U.S. at 327. Because these defects cannot "possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (citation omitted), the Court finds that justice does not require leave to amend. *Id.* at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *Cato v. United States*, 70 F.3d 1103, 1106–07, 1111 (9th Cir. 1995) (affirming dismissal of frivolous complaint without leave to amend); *Albrecht v. Lund*, 845 F.2d 193, 196 (9th Cir. 1988) (same).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court prospectively certifies that any appeal from this Order would not be made in good faith because this action lacks any arguable merit, and thus, an appeal would be frivolous. *See Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Denton*, 504 U.S. at 31; Fed. R. App. 24(a)(3). Accordingly, Emrit may not use the IFP privilege to pursue any appeal of this Order.

## CONCLUSION

Emrit's application to proceed *in forma pauperis*, Dkt. No. 3, is GRANTED. This action is DISMISSED WITHOUT PREJUDICE and without leave to amend. The IFP status accorded herein is revoked for purposes of any appeal.

10

The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: February 21, 2020 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

_Ronald Satish Emrit v. Federal Bureau of Investigation_; Civil No. 20-00059
DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING
ACTION WITHOUT LEAVE TO AMEND**